# Sleeth *vs.* Cutler, administrator of Cutler.

### *Error to Desmoines.*

Where the defendant pleads *nil debet* to an action on a specialty, the plaintiff cannot treat it as a nullity, but should demur.

This was an action of debt, brought by the defendant in error, against the plaintiff in error, upon a note *under seal.* To the plaintiff's declaration, the defendant files the plea of Nil debet, with notice of special matter, under the statute. At the February term 1840, the plaintiff's attorney moved for a judgment for want of a plea, which motion was sustained, and judgment rendered accordingly.

The errors assigned are as follows, to wit:

1. That the court erred in rendering judgment for the plaintiff, on motion, as there was a plea on file.

2. That the plea of *nil debet*, filed by the defendant, was good without demurrer, even where the action was on a writing obligatory.

3. That under the statute and laws of the territory, the instrument on which the action was brought, was a simple contract *sui generis*, and as such *nil debet* is the proper plea.

GRIMES & WOODS, for plaintiff in error.

RORER & STARR, for defendant in error.

BY THE COURT, WILSON, JUSTICE.—We will first consider whether the plea of *nil debet* was a proper plea in this case. The statute approved January 25, 1839, sets forth that "the defendant (in all cases) may plead as many matters of fact in several pleas, as he may deem necessary for his defence; or may plead the general issue and give notice in writing under the same, of the special matters intended to be relied on for a defence on the trial; under which, notice if adjudged by the court to be sufficiently clear and explicit, the defendant shall be permitted to give evidence of the facts therein stated, as if the same had been specially pleaded, &c. " Was the plea of *nil debet* the general issue in this case?

In debt on simple contracts, or legal liabilities, the general issue is *nil debet*, 1 Chitty's Pl. 476. There can be no doubt but that the foun-

dation of the present action, is neither of these. It is a speciality, and the position assumed by the third assignment of errors " that the instrument on which this action was brought is a contract *sui generis*," is untenable. "Where the deed is the foundation of the action, although extrinsic facts are mixed with it, the defendant must plead *non est factum*, and *nil debet* is not a sufficient plea, as in debt on a specialty, on articles of agreement or on a bail bond, &c. If in such cases *nil debet* be pleaded, the plaintiff should demur, for if he do not, he will have to prove every allegation in his declaration, and the defendant will be at liberty to avail himself of any ground of defence which in general may be taken advantage of under the latter plea. Chitty's Pl., 478. Although we are fully satisfied that the plea was not a good one, yet the authority cited is conclusive. The plaintiff should have demurred.

The following is cited by the defendant in error, from 1 Tidd's Practice, 505, " When the defendant pleads a plea, not adapted to the nature of the action, as *nil debet* in *assump i'*, the plaintiff may consider it as a nullity, and sign judgment." This signing of judgment refers to the practice in many courts of signing judgment in vacation in the clerk's office. But in the same paragraph, the following is laid down: "The plea of *not guilty* in an action of *debt*, on a penal statute, is not such a nullity as will warrant the plaintiff in signing judgment. If the defendant, when under an order to plead issuably, put in a plea which though informal, goes to the substance of the action, the plaintiff cannot sign judgment as for want of a plea. And in general when the defendant pleads an improper plea, the safest course is not to sign judgment, but to demur, or move the court to set it aside." In the case of Meyer vs. McClean, 2 Johns Rep. 183, it was decided that "where the defendant pleaded *nil debet* to an action of debt, on a judgment recovered, and gave notice of special matter to be offered in evidence, and the plaintiff went to trial on this plea, it was held that he could not afterwards arrest the judgment, on the ground that the plea was a nullity." And the court in that case intimate a doubt whether it is not a sufficient general issue, for the purpose of merely upholding notices of payment under their statute, which is similar to ours. Without deciding this quere, we are of opinion that the plaintiff should have demurred, and that taking judgment in such a summary manner, was irregular.

Judgment below is reversed, and a new trial awarded.